■ Two Guys from Harrison-N. Y., Inc., Respondent, v S. F. R. Realty Associates et al., Appellants. Grace Retail Corporation et al., Additional Defendants on Counterclaims. — In an action, *inter alia,* to declare that tenant Two Guys from Harrison-N. Y., Inc. (Two Guys) is entitled to make certain alterations to a leasehold pursuant to RPAPL 803, landlord S. F. R. Realty Associates *et al.* (S. F. R.) appeal, as limited by S. F. R.'s brief, from so much of a judgment of the Supreme Court, Nassau County (Kelly, J.), entered January 10, 1983, as declared, after a nonjury trial, that Two Guys was entitled to proceed with the proposed alterations subject only to furnishing security as provided in RPAPL 803. Judgment reversed, on the law and the facts, without costs or disbursements, it is declared that Two Guys from Harrison-N. Y., Inc., is not entitled to make certain alterations to a leasehold pursuant to RPAPL 803 and petition otherwise dismissed. The purpose of section 537 of the Real Property Law, enacted in 1937 and recodified in RPAPL 803, was to "liberaliz[e] the law of waste in its application to alteration or construction of buildings" and to permit certain alterations to a leasehold heretofore forbidden by the law of waste (see Report of Law Revision Commission, Legis Doc [1935] No. 60, pp 349-350; Law Revision Commission Recommendations and Studies, Legis Doc [1935] No. 60[G]). Nonetheless, to invoke the benefits of the statute (and its modern successor), a person "having an estate for life or for years in land" is required to establish, *inter alia,* that "the proposed alteration * * * is not in violation of the terms of any agreement * * * regulating the conduct of the owner of the estate for life or for years or restricting the land in question" (Real Property Law, former § 537, subd 3; RPAPL 803, subd 1, par c). At bar, the lease agreement between Two Guys and S. F. R. permits only two types of alterations to the premises: those that are "interior non-structural" and those that involve "remov[ing] all or any part of any wall of any building standing on the demised premises to afford entrance to or connection with improvements on adjoining premises". The alterations proposed by Two Guys, all of which are

upon the exterior of the premises and none of which has anything to do with affording entrance to improvements on adjoining premises, do not fit into the category of alterations permitted by the lease. Applying the principle *expressio unius est exclusio alterius,* the proposed alterations must be deemed to violate the terms of the lease. Consequently, the statute cannot be read to apply to the present situation, and Two Guys may not invoke its benefits. Mangano, J. P., O'Connor, Weinstein and Brown, JJ., concur.